# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY WINFREY,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING THE GOVERNMENT'S MOTION TO DISMISS AND TRANSFERRING THE CASE TO THE TENTH CIRCUIT**<br><br>Case No. 2:16-cv-00624-JNP<br><br>Judge Jill N. Parrish |

Before the court is the government's motion to dismiss [Docket 5] movant Anthony Winfrey's motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. The court DENIES the government's motion to dismiss and transfers this case to the Tenth Circuit.

On March 6, 2007, Mr. Winfrey was sentenced to 360 months of imprisonment for the crime of brandishing a firearm during the commission of a crime of violence. [2:03-cr-00241-PGC, Docket 57]. On March 5, 2008, Mr. Winfrey filed his first motion to vacate and correct his sentence pursuant to section 2255. [2:08-cv-00174-DB, Docket 1]. A few months later, the first 2255 motion was denied. [2:08-cv-00174-DB, Docket 6]. On June 14, 2016, Mr. Winfrey filed this second motion to vacate and correct his sentence under section 2255. The government filed a motion to dismiss Mr. Winfrey's 2255 motion, [Docket 6] arguing that the court could not consider this second 2255 motion because Mr. Winfrey had not obtained permission from the Tenth Circuit to file a second motion.

Subsection (h) of section 2255 provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . .

newly discovered evidence . . . or . . . a new rule of constitutional law." Section 2244 further states that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). Therefore, "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

If a movant files a successive 2255 motion without obtaining the appropriate certification from the Tenth Circuit, the district court has two options. It may dismiss the petition for lack of jurisdiction or it may transfer the motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631 so that the appropriate panel may determine whether to certify the successive petition. *Id.* at 1252; *Coleman v. United States*, 106 F.3d 339, 340–41 (10th Cir. 1997) (per curiam). A district court may only transfer the motion if it determines that the transfer would be "in the interest of justice." 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."); *Cline*, 531 F.3d at 1252. "Factors militating for a transfer include a finding that a new action filed by the litigant would be barred as untimely, and a finding that the original action was filed in good faith." *Coleman*, 106 F.3d at 341 (citation omitted).

In this case, the court finds that the interests of justice require transfer rather than dismissal. Mr Winfrey's second motion raises a new rule of constitutional law recently articulated in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The time to assert a *Johnson*

claim has likely already run, and a dismissal of Mr. Winfrey's motion will in all probability bar any subsequent efforts on his part to have this issue adjudicated on the merits. Moreover, there is no indication that Mr. Winfrey filed his motion without the required certificate in bad faith.

The court, therefore, DENIES the government's motion to dismiss Mr. Winfrey's second motion to vacate and amend his sentence. [Docket 5]. Instead, the court transfers this motion to the Tenth Circuit so that it may determine whether to certify the motion.

Dated January 23, 2017.

BY THE COURT:

_____
JILL N. PARRISH
UNITED STATES DISTRICT COURT JUDGE